WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cleo Lewis, Office of the Administrator of the Order of Franklin, House of Lewis, Temple Alliance Fellowship, a Corporation Sole,<br><br>      Plaintiff,<br><br>vs.<br><br>Fred Martin, Laura Christine Martin, Martin Matters 40N, LLC, United States of America, Susanne J. Collins, Abe Reyes,<br><br>      Defendants. | No. CV-05-0693-PHX-SRB<br><br>**ORDER** |

Pending before the Court is Defendant United States of America's ("Defendant") Motion to Dismiss pursuant to Rules 12(b)(1), (5), and (6) of the Federal Rules of Civil Procedure (Doc. 9). The Court now rules on the motion.

**I.     BACKGROUND**

Plaintiff is a corporation sole captioned in this case as Cleo Lewis, Office of the Administrator of the Order of Franklin, House of Lewis, Temple Alliance Fellowship.[1] Cleo

---

[1] The Court takes judicial notice of the information in the Arizona Corporation Commission's public records listing the "Office of the Administrator, of the Order of Franklin, House" as a corporation sole with Cleo Lewis as its statutory agent and sole officer. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings.").

1 Lewis, the corporation's only officer and statutory agent, filed suit in Maricopa County
2 Superior Court to quiet title to certain real property "commonly known as 40 N. Gilbert Rd.,
3 Gilbert, Arizona . . . ." (Compl. ¶ 4.)  On March 4, 2005, Defendant removed the action to
4 this Court and filed the instant Motion to Dismiss.  Defendant argues, among other things,
5 that the Complaint must be dismissed because Plaintiff[2] is a corporation and is not
6 represented by a licensed attorney.

## II.     LEGAL STANDARDS AND ANALYSIS

28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  The Supreme Court has recognized that, "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202, 113 S. Ct. 716, 721 (1993).  *See also United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel.") (citing *Rowland*, 506 U.S. at 202, 113 S. Ct. at 721).

Here, Plaintiff is a corporation sole and may not appear in this Court without a licensed attorney.  *Rowland*, 506 U.S. at 202, 113 S. Ct. at 721.  Plaintiff appears to concede that Lewis is not an attorney when it argues that Plaintiff should be allowed to proceed in federal court without an attorney because the suit was originally filed in state court where the "rules arguably permit the Plaintiff as the Administrator to proceed as the Administrator without being an attorney."  (Pl.'s Resp. to Def.'s Mot. to Dismiss at 2.)  Therefore, the Court

---

[2]Although not entirely clear from the pleadings, it appears that Cleo Lewis filed suit as the corporation and not on her own behalf.  This understanding is further confirmed by the Arizona statute governing corporations sole which states: "[t]he person comprising the corporation sole is the only director and officer for the corporation sole unless the bylaws of the corporation sole contain a contrary designation."  Ariz. Rev. Stat. § 10-11908(A).  Thus, Cleo Lewis, the corporation's only director and officer, comprises the corporation and brought suit as the corporation.

will presume that Lewis not a licensed attorney, and Plaintiff must obtain licensed counsel in order to proceed with this action.

### III. CONCLUSION

Accordingly, the Court will grant Defendant's Motion to Dismiss and dismiss this case without prejudice in 40 days, unless prior to that date an attorney admitted to practice in this District files a Notice of Appearance. At this juncture, the Court need not determine the merits of Defendant's claims of improper service, lack of jurisdiction, or failure to state a claim.

**IT IS ORDERED** that Defendant's Motion to Dismiss will be granted (Doc. 9), and this case will be dismissed without further notice on December 27, 2005, unless prior to that date a Notice of Appearance is filed by counsel. If no Notice of Appearance of counsel is filed on or before December 27, 2005, the Clerk is directed to enter judgment dismissing Plaintiff's case without prejudice.

DATED this 14th day of November, 2005.

_____
Susan R. Bolton
United States District Judge